# Exhibit A

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

WAYNE RUSSELL;
RONALD W. RUSSELL, as Trustee for
The Russell Family Trust;
THE RUSSELL FAMILY TRUST,

    Plaintiff,

v.

CASE NUMBER CV-05-1924

TRANSAMERICA OCCIDENTAL
LIFE INSURANCE COMPANY;
AUGUSTUS KIRBY CLEMENTS, III;
and Fictitious Defendants "A", "B" and
"C" whether singular or plural, are those
other persons, corporations, firms
or other entities whose wrongful
conduct caused or contributed to cause
the injuries and damages to Plaintiff,
all of whose true and correct names
are unknown to Plaintiff at this time,
but will be substituted by Amendment
when ascertained,

    Defendants.

2005 AUG 29 PM 3:48 FILED

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the *Alabama Rules of Civil Procedure*.

NOTICE TO:    TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY
2000 INTERSTATE PARK DRIVE
SUITE 204
MONTGOMERY, AL 36109

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

Joseph H. "Jay" Aughtman
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                                                                                      CIRCUIT CLERK

Dated: 9/8/05

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

C1 WAYNE RUSSELL;
C2 RONALD W. RUSSELL, as Trustee for
The Russell Family Trust;
C3 THE RUSSELL FAMILY TRUST,

  Plaintiff,

v.            CASE NUMBER CV- 05-1924

D1 TRANSAMERICA OCCIDENTAL
LIFE INSURANCE COMPANY;
D2 AUGUSTUS KIRBY CLEMENTS, III;
and Fictitious Defendants "A", "B" and
"C" whether singular or plural, are those
other persons, corporations, firms
or other entities whose wrongful
conduct caused or contributed to cause
the injuries and damages to Plaintiff,
all of whose true and correct names
are unknown to Plaintiff at this time,
but will be substituted by Amendment
when ascertained,

  Defendants.

## COMPLAINT

### STATEMENT OF PARTIES

1. Plaintiff Wayne Russell (C1) is over the age of nineteen (19) years and resides in Montgomery County, Alabama.

2. Plaintiff Ronald W. Russell (C2), as Trustee for The Russell Family Trust, is over the age of nineteen (19) years and resides in Montgomery County, Alabama.

3. Plaintiff, The Russell Family Trust (C3), is a properly established insurance trust in the State of Alabama, Montgomery County, established August 17, 1987.

1

4. Defendant Transamerica D1 Occidental Life Insurance Company (hereinafter referred to as "Transamerica") is a foreign corporation doing business by agent in Montgomery County, Alabama.

5. Defendant Augustus Kirby Clements, D2 III (hereinafter referred to as "Clements") is over the age or nineteen (19) years and resides in Montgomery County, Alabama.

6. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF FACTS

7. On or about December 20, 1994, Plaintiff was approached by Clements and Jeffery Leon Caddell (hereinafter referred to as "Caddell"), acting as agents and/or representatives for all Defendants, about purchasing a life insurance policy.

8. Clements and Caddell told Plaintiff that he would only pay premiums for ten (10) years out-of-pocket on the policy and thereafter the policy would sustain itself. Defendant guaranteed the death benefit in the amount of at least the face value of the policy after ten (10) years of out-of-pocket premiums.

9. Based on the representations made by Defendant, Plaintiff agreed to purchase the aforesaid policy of insurance, to wit: Policy No. 92492224.

10. Policy number 92492224 is included in The Russell Family Trust with Ronald W. Russell as Trustee.

11. On or about December 9, 2004, Plaintiff was required to and did pay the eleventh annual premium on policy number 92492224.

12. At all times material hereto, Clements and Caddell were the agents and/or representatives for Transamerica and were acting within the line and scope of their agency in dealings with Plaintiff.

13. Plaintiff discovered the fraud within two years of filing this lawsuit.

14. Defendant entered into a pattern and practice of fraudulent conduct, which included the fraud practiced on Plaintiff.

15. At all times material hereto, Plaintiff depended on Defendant to advise him as to insurance matters because of their superior knowledge and position.

16. The conduct by the Defendant was intentional, gross, wanton, malicious, or oppressive.

## COUNT I

17. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

18. On or about December 20, 1994, Plaintiff was approached by Clements and Caddell about purchasing a life insurance policy.

19. Plaintiff was told that he would only pay premiums for ten (10) years out-of-pocket on the policy and thereafter the policy would sustain itself. Defendant guaranteed the death benefit in the amount of at least the face value of the policy after ten (10) years of out-of-pocket premium payments. Based on the representations made by Defendant, Plaintiff agreed to purchase the policy of insurance, to wit: Policy No. 92492224.

3

20. Defendant misrepresented the true nature of the policy and cost of coverage to be provided and actually concealed from Plaintiff that Defendant's product could not perform as represented, not even on the date of the sale. Defendant misrepresented material facts upon which the Plaintiff relied to his detriment. Defendant has engaged in fraudulent conduct designed to induce the sale of the insurance in question by fraudulently representing the nature and performance of the policy with false and fraudulent actuarial data and inflated market conditions through the use of resulting fraudulent sales presentations. This fraudulent scheme to sell insurance resulted in false, fraudulent, and misleading representations about the benefits of the policy of insurance to be gained by the policyholder through the purchase of the policy of insurance.

21. Defendant fraudulently represented the nature and performance of the policy under existing market conditions, and concerning the extreme volatility of the policy and the lack of a reasonable basis for the factors and assumptions upon which the policy was sold. The Defendant intentionally and knowingly mislead Plaintiff and sold the insurance in question through the use of sales techniques and materials which fraudulently represented the nature and performance of the policy and fraudulently induced Plaintiff to purchase the insurance policy resulting in a detriment to Plaintiff. Plaintiff was fraudulently induced and deceived into purchasing insurance from Defendant upon uniformly false and misleading sales presentations, marketing materials, and other information prepared and disseminated by the Defendant.

22. Defendant induced Plaintiff to purchase the policy in question by misrepresenting the nature and performance of its product dividend scales and interest

4

rates that it knew to be unsupported by its current earnings in an effort to induce Plaintiff to purchase the insurance product.

23. The representations made by Defendant were false and Defendant knew they were false.

24. Plaintiff relied upon the false representations and purchased the policy.

25. As a proximate consequence of Defendant's fraud, Plaintiff was injured and damaged as follows: Plaintiff has made payments on a policy that is not as represented; he has lost the value of the premium payments; he has lost interest on the premium payments; he does not have the policy of insurance that was represented to him; he has been required to pay premiums beyond what was represented or lose or reduce the coverage; he has suffered mental anguish and emotional stress and will continue to do so; and he has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT II

26. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

27. At the aforesaid times and places, Defendant failed to disclose to Plaintiff that he would be required to pay premiums for more than ten (10) years out-of-pocket; and that the death benefits would decrease or lapse unless premiums were paid out-of-pocket by Plaintiff beyond ten (10) years.

28. Defendant failed to disclose the true nature and underlying facts upon which their sales presentations were made, and after Plaintiff purchased the policy in question,

Defendant participated in a deliberate course of conduct which concealed from Plaintiff the true nature and extent of the deceptive sales tactics used to sell the policy in question. The actions of Defendant were designed to and did in fact, conceal from Plaintiff the deceptive tactics and actuarial practices upon which the sale to the Plaintiff had been made, and the extreme volatility of the actuarial factors and assumptions upon which the sale was based. Plaintiff did not discover, and could not through the exercise of reasonable diligence have discovered, that he had been misled by the Defendant's deceptive sales practices.

29. Defendant fraudulently concealed from Plaintiff fundamental facts and information concerning the policy upon which the sale to Plaintiff was based and induced. The dividend formula employed by Defendant in selling this policy was made up of several factors, the primary factor being the interest rate factor or dividend interest rate. Defendant knew at the time the sale took place to Plaintiff that the dividend interest rate upon which Defendant based this sale and the policy's performance, was not supported by the company's current earnings, but was in fact, in excess of the rate of return being currently earned by Transamerica Occidental Life Insurance Company. The Defendant has continued to conceal from Plaintiff actuarial facts upon which these sales were based so that it has been impossible for Plaintiff to discover the deceptive nature of the Defendant's sales tactics. Plaintiff has never been advised that his insurance could be less than the originally stated face value if he made the represented out-of-pocket premium payments. Defendant participated in a deliberate course of conduct to conceal these facts from Plaintiff in order to induce the sale and based their representations upon information that was false and misleading.

30. Defendant concealed the assumptions they used to calculate the out-of-pocket premiums due from Plaintiff on the policy and in fact employed assumptions which were not reasonable or obtainable by Defendant. This was information known exclusively to Defendant at the time of sale and has remained in the exclusive possession of Defendant. Furthermore, after the dividend interest rate fell, Defendant failed to disclose or notify Plaintiff of the drastic affect this would have on the policy as it was originally represented by Defendant.

31. After inducing the Plaintiff to purchase the policy in question, the Defendant participated and engaged in a deliberate course of conduct which concealed from Plaintiff the true nature and extent of the deceptive sales tactics used to sell the policy. The concerted actions of Defendant were designed to and did, in fact, conceal from Plaintiff the deceptive acts and actuarial practices upon which the sale to Plaintiff was made. Plaintiff did not discover, and could not through the exercise of reasonable diligence have discovered, that he had been misled and deceived by the Defendant's sales tactics.

32. Plaintiff changed his position and purchased the policy.

33. As a proximate consequence of the Defendant's fraudulent conduct, Plaintiff was injured and damaged as alleged in Paragraph 25 above.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT III

34. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

35. At the aforesaid times and places, Clements and Caddell innocently, recklessly, negligently and/or wantonly made the aforementioned misrepresentations and/or concealed the material facts relating to the terms of the policy.

36. As a proximate consequence of the Defendant's misrepresentations and suppression of material facts, Plaintiff was injured and damaged as alleged in Paragraph 25 above.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT IV

37. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

38. Defendant Transamerica and Fictitious Defendants "A", "B", and "C" negligently hired, trained, monitored and/or supervised Clements and Caddell.

39. As a proximate consequence of the Defendant's negligence, Plaintiff was injured and damaged as alleged in Paragraph 25 above.

WHEREFORE, Plaintiff demands judgment against Defendant Transamerica and Fictitious Defendants "A", "B", and "C" in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

## COUNT V

40. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

41. Defendant Transamerica and Fictitious Defendants "A", "B", and "C" wantonly hired, trained, monitored and/or supervised Clements and Caddell.

42. As a proximate result, Plaintiff was injured and damaged as alleged in Paragraph 25 above.

WHEREFORE, Plaintiff demands judgment against Defendant Transamerica and Fictitious Defendants "A", "B" and "C" in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

*/s/ Jere Beasley*
JERE L. BEASLEY (BEA020)

*/s/ Dee Miles*
W. DANIEL "DEE" MILES, III (MIL060)

*/s/ Jay Aughtman*
JOSEPH H. "Jay" AUGHTMAN (AUG001)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon _____ by placing a copy of same in the United States Mail, first class, postage prepaid on this the 29 day of July, 2005.

*/s/ Jay Aughtman*
OF COUNSEL

9

Circuit Clerk
Montgomery County Circuit Cou[rt]
Post Office Box 1667
Montgomery, AL 36102-1667





CERTIFIED MAIL

7000 1670 0006 5001 9765

TRANSAMERICA OCCIDENTAL
LIFE INSURANCE COMPANY
2000 INTERSTATE PARK DRIVE
SUITE 204
MONTGOMERY, AL 36109

36103+5420-S4 C092

02 1A
0004321655
MAILED FROM ZIP CODE 36104
$04.42
AUG 26 2005
UNITED STATES POSTAGE

FROM: Connie Tinsley (334)387-7880
Alabama CT Reps
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

TO: Craig Vermie (319)398-8814
Aegon USA, Inc
4333 Edgewood Road, NE
Cedar Rapids, IA 52499

Ref: SOP/0601800/510531279/Connie Tinsley


FedEx Revenue Barcode

FedEx Express

CAD#: 8279394
SHIP DATE: 12SEP05
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)   ** 2DAY **

TRK# 7901 4953 9690   FORM 0201

52499  -IA-US



SE CIDA   CID



WED
A1
Deliver by:
14SEP05

CLS061305

