# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WAYNE RUSSELL; et al.,** | * |
| | * |
|     **Plaintiffs,** | * |
| | * |
| v. | *    **CASE NUMBER: 02:05-cv-972-ID-VPM** |
| | * |
| **TRANSAMERICA OCCIDENTAL** | * |
| **LIFE INSURANCE COMPANY;** | * |
| **et al.,** | * |
| | * |
|     **Defendants.** | * |

## ANSWER OF DEFENDANT AUGUSTUS KIRBY CLEMENTS, III

Defendant Augustus Kirby Clements, III [Clements], by and through counsel, answers the allegations of Plaintiffs' complaint as follows:

1.    Admitted.

2.    Defendant Clements lacks sufficient information to admit or deny the allegations of paragraph 2 of Plaintiffs' complaint.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    No response is called for as to the allegations regarding fictitious defendants. To the extent any response is required, said allegations are denied.

7.    Denied.

8.    Denied.

9.    Denied.

10. Admitted to the extent that policy number 9249224 is owned by the Russell Family Trust. Defendant Clements lacks sufficient information to admit or deny the remaining allegations of paragraph 10 of Plaintiffs' complaint.

11. Admitted to the extent that a premium was paid on policy number 9249224. The remaining allegations of paragraph 11 of Plaintiffs' complaint are denied.

12. To the extent Plaintiffs assert legal conclusions in paragraph 12 of their complaint, no response is required. To the extent Plaintiffs assert factual allegations, said allegations are denied.

13. Defendant Clements denies that any fraud was perpetrated on any Plaintiff. To the extent Plaintiffs allege such a fraud occurred, Defendant Clements denies that any Plaintiff could not and should not, through the exercise of reasonable diligence, have discovered the fraud as alleged by any of them more than two years prior to the filing of the instant complaint.

14. Denied.

15. Denied.

16. Denied.

## COUNT I

17. Defendant Clements realleges his answers to the preceding paragraphs of the complaint as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

2

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT II

26. Defendant Clements realleges his answers to the preceding paragraphs of the complaint as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT III

34. Defendant Clements realleges his answers to the preceding paragraphs of the complaint as if fully set forth herein.

35. Denied.

36. Denied.

## COUNT IV

37. Defendant Clements realleges his answers to the preceding paragraphs of the complaint as if full set forth herein.

38. No response is called for from Defendant Clements as to the allegations of paragraph 38 of Plaintiffs' complaint. To the extent any response is required, said allegations are denied.

39. No response is called for from Defendant Clements as to the allegations of paragraph 39 of Plaintiffs' complaint. To the extent any response is required, said allegations are denied.

## COUNT V

40. Defendant Clements realleges his answers to the preceding paragraphs of the complaint as if fully set forth herein.

41. No response is called for from Defendant Clements as to the allegations of paragraph 41 of Plaintiffs' complaint. To the extent any response is required, said allegations are denied.

42. No response is called for from Defendant Clements as to the allegations of paragraph 42 of Plaintiffs' complaint. To the extent any response is required, said allegations are denied.

43. To the extent not expressly admitted, the allegations of Plaintiffs' complaint are denied.

## First Affirmative Defense

The complaint and each count thereof fails to state a claim upon which relief can be granted as to Defendant Clements.

## Second Affirmative Defense

Plaintiff Wayne Russell lacks standing to assert any claims in the complaint.

### Third Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the statute of limitations.

### Fifth Affirmative Defense

Plaintiffs' demand for punitive damages violates the excessive fines provisions, equal protection clauses and due process clauses of both the United States Constitution and the Alabama Constitution of 1901.

### Sixth Affirmative Defense

Defendant Clements pleads all procedural and substantive limitations regarding the imposition of punitive damages, including but not limited to the statutory limits on the amount of recoverable punitive damages.

### Seventh Affirmative Defense

The Plaintiffs' claims are barred by the statute of frauds.

### Eighth Affirmative Defense

Plaintiffs' claims are not ripe for adjudication.

    Respectfully submitted,

     s/ George W. Walker, III
    George W. Walker, III (WAL097)
    Copeland, Franco, Screws & Gill, P.A.
    P.O. Box 347
    Montgomery, Alabama 36101-0347
    Telephone: (334) 834-1180
    Facsimile:  (334) 834-3172

    **Counsel for Defendant**
    **Augustus Kirby Clements, III**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2005, I electronically filed the foregoing *Answer* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Joseph H. Aughtman**
  jay.aughtman@beasleyallen.com nancy.mcdill@beasleyallen.com

- **Jere L. Beasley**
  libby.rayborn@beasleyallen.com jere.beasley@beasleyallen.com

- **Steve R. Burford**
  srb@spain-gillon.com bjd@spain-gillon.com

- **Wilson Daniel Miles, III**
  dee.miles@beasleyallen.com autumn.lindsey@beasleyallen.com

- **Charles D. Stewart**
  cds@spain-gillon.com jam@spain-gillon.com,KCG@spain-gillon.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Augustus Kirby Clements, III**
2740 Central Parkway
Montgomery, AL 36106

                     s/ George W. Walker, III
                     OF COUNSEL