# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# SOUTHERN DIVISION

| | |
|---|---|
| WAYNE RUSSELL; et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO. 05–972 |
| | ) |
| TRANSAMERICA OCCIDENTAL | ) |
| LIFE INSURANCE COMPANY; | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## ANSWER

Comes now Transamerica Occidental Life Insurance Company ("Transamerica") and in answer to the Complaint states as follows:

1. Admitted.

2. Defendant has no knowledge regarding the allegations of paragraph 2 of the complaint. Accordingly, all such allegations are denied and the defendant demands strict proof thereof.

3. Defendant has no knowledge regarding the allegations of paragraph 3 of the Complaint. Accordingly, all such allegations are denied and the defendant demands strict proof thereof.

4. Defendant admits that it is organized under the laws of the State of Iowa with its principal place of business in Iowa.

5.   Admitted.

6.   No response is required as to the fictitious defendants described in paragraph 6 of the Complaint. To the extent that any allegations may be construed to be directed toward this defendant, this defendant has no knowledge regarding the allegations of paragraph 6 of the Complaint and they are denied and defendant demands strict proof thereof.

7.   Defendant admits that on or about December 20, 1994, plaintiff applied for a life insurance policy with Transamerica. All other allegations of paragraph 7 of the Complaint are denied and defendant demands strict proof thereof.

8.   Defendant denies the allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9.   Defendant admits that plaintiff purchased Transamerica Policy No. 92492224. All other allegations of paragraph 9 of the Complaint are denied and defendant demands strict proof thereof.

10.   This defendant has no knowledge regarding the allegations of paragraph 10 of the Complaint. As such, the allegations of paragraph 10 of the Complaint are denied and defendant demands strict proof thereof.

11.   Defendant admits that in December 2004, a premium payment was made on Policy No. 92492224. Defendant denies that plaintiff was "required to" pay any

such premium. All other allegations of paragraph 11 of the Complaint are denied and defendant demands strict proof thereof.

12. Defendant denies that Clement was an agent of Transamerica. All other allegations of paragraph 12 of the Complaint are denied and defendant demands strict proof thereof.

13. Defendant denies the allegations of paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant denies the allegations of paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant denies the allegations of paragraph 15 of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations of paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant hereby adopts and incorporates its responses to paragraphs 1 through 16 above as if set forth fully herein.

18. Defendant admits that on or about December 20, 1994, plaintiff applied for a life insurance policy with Transamerica. Plaintiff makes no other allegations in paragraph 18 of the Complaint against this defendant. To the extent that the plaintiff

does make any allegations toward this defendant in paragraph 18 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

19. Plaintiff makes no allegations or claims against this defendant in paragraph 19 of the Complaint. To the extent that the plaintiff does make any claims against this defendant in paragraph 19 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

20. Plaintiff makes no allegations or claims against this defendant in paragraph 20 of the Complaint. To the extent that the plaintiff does make any claims against this defendant in paragraph 20 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

21. Plaintiff makes no allegations or claims against this defendant in paragraph 21 of the Complaint. To the extent that the plaintiff does make any claims against this defendant in paragraph 21 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

22. Plaintiff makes no allegations or claims against this defendant in paragraph 22 of the Complaint. To the extent that the plaintiff does make any claims against this defendant in paragraph 22 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

23. Plaintiff makes no allegations or claims against this defendant in paragraph 23 of the Complaint. To the extent that the plaintiff does make any claims against this defendant in paragraph 23 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

24. Plaintiff makes no allegations or claims against this defendant in paragraph 24 of the Complaint. To the extent that the plaintiff does make any claims against this defendant in paragraph 24 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

25. Plaintiff makes no allegations or claims against this defendant in paragraph 25 of the Complaint. To the extent that the plaintiff does make any claims against this defendant in paragraph 25 of the Complaint, all such allegations are denied and defendant demands strict proof thereof.

26. Defendant hereby adopts and incorporates its responses to paragraphs 1 through 25 of the Complaint above as if set forth fully herein.

27. Paragraph 27 of the Complaint does not appear to make any allegations against this defendant. To the extent that any claims are made against this defendant in paragraph 27 of the Complaint, defendant denies those allegations and demands strict proof thereof.

28. Paragraph 28 of the Complaint does not appear to make any allegations against this defendant. To the extent that any claims are made against this defendant in paragraph 28 of the Complaint, defendant denies those allegations and demands strict proof thereof.

29. Paragraph 29 of the Complaint does not appear to make any allegations against this defendant. To the extent that any claims are made against this defendant in paragraph 29 of the Complaint, defendant denies those allegations and demands strict proof thereof.

30. Paragraph 30 of the Complaint does not appear to make any allegations against this defendant. To the extent that any claims are made against this defendant in paragraph 30 of the Complaint, defendant denies those allegations and demands strict proof thereof.

31. Paragraph 31 of the Complaint does not appear to make any allegations against this defendant. To the extent that any claims are made against this defendant in paragraph 31 of the Complaint, defendant denies those allegations and demands strict proof thereof.

32. Paragraph 32 of the Complaint does not appear to make any allegations against this defendant. To the extent that any claims are made against this defendant

in paragraph 32 of the Complaint, defendant denies those allegations and demands strict proof thereof.

33. Paragraph 33 of the Complaint does not appear to make any allegations against this defendant. To the extent that any claims are made against this defendant in paragraph 33 of the Complaint, defendant denies those allegations and demands strict proof thereof.

34. Defendant hereby adopts and incorporates its responses to paragraphs 1 through 33 above as if set forth fully herein.

35. The allegations of paragraph 35 of the Complaint contain no allegations against this defendant. To the extent that paragraph 35 of the Complaint does contain any allegations against this defendant, all such allegations are denied and defendant demands strict proof thereof.

36. The allegations of paragraph 36 of the Complaint contain no allegations against this defendant. To the extent that paragraph 36 of the Complaint does contain any allegations against this defendant, all such allegations are denied and defendant demands strict proof thereof.

37. Defendant hereby adopts and incorporates its responses to paragraphs 1 through 36 above as if set forth fully herein.

38. Defendant denies the allegations of paragraph 38 and demands strict proof thereof.

39. Defendant denies the allegations of paragraph 39 and demands strict proof thereof.

40. Defendant hereby adopts and incorporates its responses to paragraphs 1 through 39 above as if set forth fully herein.

41. Defendant denies the allegations of paragraph 41 of the Complaint and demands strict proof thereof.

42. Defendant denies the allegations of paragraph 42 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted. Specifically, plaintiffs claims fail as a matter of law for the following reasons:

    A. This Court lacks subject matter jurisdiction of the claims alleged in the Complaint because plaintiffs' claims are not yet ripe for adjudication for the reasons stated by defendant in its Notice of Removal (Notice of Removal, pp. 10-11).

B. No misrepresentations were made to plaintiffs (Notice of Removal, pp. 14-15).

C. All facts allegedly suppressed from plaintiffs were disclosed to plaintiffs in writing (Notice of Removal, pp. 15-17).

D. Wayne Russell, as a matter of law, could not have reasonably relied upon the misrepresentations alleged in the Complaint (Notice of Removal, pp. 18-22).

E. Plaintiffs' claims against Transamerica for negligent hiring and supervision of Clements fail as a matter of law because Clements was not an agent of Transamerica but, rather, was an independent agent representing the interests of plaintiffs (Notice of Removal, pp. 6 ¶ 14).

## SECOND DEFENSE

Plaintiff Wayne Russell lacks standing to bring this action.

## THIRD DEFENSE

Defendant denies that it is guilty of any wrongful conduct giving rise to a cause of action in favor of plaintiffs and denies that any wrongful conduct on its part proximately caused injuries as alleged by plaintiffs.

## FOURTH DEFENSE

Plaintiffs' claims are not ripe for adjudication.

## FIFTH DEFENSE

Defendant denies that the misrepresentations and/or suppressions and concealments alleged in the Complaint were material facts upon which plaintiffs relied to their detriment.

## SIXTH DEFENSE

Defendant is not guilty of any of the allegations made against it in the Complaint and demands strict proof thereof.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## EIGHTH DEFENSE

Defendant pleads the applicable statute of limitations to each of plaintiff's claims.

## NINTH DEFENSE

Defendant pleads that the transaction alleged was voluntarily undertaken, that the plaintiffs had the opportunity and duty to read all documents presented to or signed by the plaintiffs, that the terms of the insurance purchased were fully disclosed to plaintiffs, that the plaintiffs knowingly entered into the transactions having either

understood the transactions or having failed to avail themselves of the opportunity to understand the transactions and that the transactions are binding on the parties.

## TENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches and unclean hands.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the parol evidence rule.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the statute of frauds.

## THIRTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## FOURTEENTH DEFENSE

Defendant denies that it innocently, negligently, intentionally, willfully or recklessly made misrepresentations to plaintiffs and/or innocently, negligently, intentionally, willfully or recklessly failed to disclose any material facts in connection with any matters concerning plaintiff's insurance with defendant Transamerica and defendant denies that it has misrepresented any material facts at any time to the plaintiffs.

## FIFTEENTH DEFENSE

Defendant avers that plaintiffs themselves were contributorily negligent on the occasion made the basis of this suit which bars any recovery. Defendant avers that any damages claimed by plaintiffs were proximately caused by their own negligence.

## SIXTEENTH DEFENSE

Defendant avers that plaintiffs have not been damaged.

## SEVENTEENTH DEFENSE

Defendant avers that the policy which plaintiffs purchased provided the plaintiffs with the benefits requested and explained to plaintiffs.

## EIGHTEENTH DEFENSE

Defendant avers that plaintiffs have not relied upon any statements by this defendant to plaintiffs detriment.

## NINETEENTH DEFENSE

Defendant avers that there is no causal relationship between any alleged wrongful conduct of defendant and the alleged resulting injuries to plaintiffs.

## TWENTIETH DEFENSE

Defendant denies that plaintiffs were injured to the nature and extent claimed and contests damages.

## TWENTY-FIRST DEFENSE

The complaint and each and every count therein, separately and severally, is barred by the two year statute of limitations and the alleged rights of action therein were discovered or by reasonable diligence should have been discovered within two years after the accrual of said alleged causes of action (§6–2–39 and §6–2–3, 1975 Code, as amended).

## TWENTY-SECOND DEFENSE

Defendant avers that punitive damages are not recoverable under the allegations in the Complaint.

## TWENTY–THIRD DEFENSE

Defendant denies that it has been guilty of any conduct which entitles plaintiffs to recover punitive damages.

## TWENTY–FOURTH DEFENSE

Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to plaintiffs.

## TWENTY–FIFTH DEFENSE

Defendant avers that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama.

**TWENTY–SIXTH DEFENSE**

Defendant avers that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to the defendant under the Constitution of the United States of America.

**TWENTY–SEVENTH DEFENSE**

Defendant avers that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate government interests.

**TWENTY–EIGHTH DEFENSE**

Defendant avers that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant, Transamerica, under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the plaintiffs.

## TWENTY–NINTH DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case will be violative of the procedural safeguards provided to the defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendant is entitled to the same procedural safeguards accorded to a defendant in a criminal case.

## THIRTIETH DEFENSE

It is violative of the self–incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

## THIRTY-FIRST DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant Allstate upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded in this state constitute an unconstitutional impediment, infringement and restraint to defendant's rights under the Commerce Clause of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### THIRTY-SECOND DEFENSE

Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant Allstate upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interests;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

(f) It is a violation of the Due Process Clause to impose punitive damages against the defendant, which are penal in nature, yet compel Defendant Allstate to disclose potentially incriminating documents and evidence.

### THIRTY–THIRD DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY–FOURTH DEFENSE

Defendant avers that the Complaint fails to state a claim for punitive damages under §§ 6–11–20 to 6–11–30, and is barred. Furthermore, Defendant avers that any award of punitive damages against this defendant in excess of the statutory minimum originally set forth in § 6–11–21, Ala. Code and/or as now amended and set forth pursuant to Act No. 99–358 (1999 Regular Session) is barred.

### THIRTY–FIFTH DEFENSE

This defendant is not liable for punitive damages for the alleged misconduct of any alleged agent pursuant to Alabama Code § 6–11–27 (1987).

### THIRTY–SIXTH DEFENSE

The Complaint fails to state a claim for punitive damages under Alabama Code § 6–11–20 to § 6–11–30 (1975) and is barred.

### THIRTY–SEVENTH DEFENSE

Defendant avers that Alabama Code § 6–11–20(a) (1993) is unconstitutional because it provides no standards to distinguish between the degree of conduct warranting the imposition of a small punitive damages award versus conduct warranting the imposition of a large punitive damage award. *BMW v. Gore*, 116 S. Ct. 1589, 134 L. Ed 809 (1996).

### THIRTY–EIGHTH DEFENSE

Defendant avers that the lack of standards under Alabama law for the award of punitive damages violate the Constitution, because they provide no guidance to the jury to determine what constitutes a reasonable relationship between the harm suffered and the amount of punitive damages awarded. Moreover, Alabama law fails to provide legal standards to safeguard an individuals' constitutional rights and prevent the unjust or arbitrary imposition of punitive damages by constraining the unlimited, unbridled discretion of the jury in the award of punitive damages. *BMW v. Gore*, 116 S.Ct. 1589, 134 L.Ed 809 (1996).

### THIRTY–NINTH DEFENSE

Defendant avers that the imposition of punitive damages is violative of the United States Constitution, as well as the Constitution of the State of Alabama,

because there are no legislative enactments or common law limitations which provide constraining legal standards to guide juries in their determination with regard to the award of punitive damages.

### FORTIETH DEFENSE

Defendant pleads the protections afforded it pursuant to § 6–11–21 and pleads that any claims by plaintiff for punitive damages in excess of $250,000 is barred pursuant to §6–11–21. Ala. Code (1987).

### FORTY-FIRST DEFENSE

Defendant expressly reserves the right to amend its Answer in this case.

    /s/ Charles D. Stewart
    Charles D. Stewart (ASB 0303–S77E)
    Steve R. Burford (ASB 6886–B40S)
    Attorneys for Transamerica Occidental Life Insurance Company

**OF COUNSEL:**

**SPAIN & GILLON, L.L.C.**
The Zinszer Building
2117 Second Avenue, North
Birmingham, Alabama 35203
Ph:  (205) 328–4100
Fax: (205) 324–8866

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by:

 (__) hand delivery;
 (__) facsimile transmission;
 (__) express mail;
 (__) U.S. mail, first class; or
 (__) other

and addressed as follows on **October 18, 2005:**

| | |
|---|---|
| Joseph H. Aughtman, Esq.<br>**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**<br>P.O. Box 4160<br>Montgomery, Alabama 36103–4160 | George W. Walker, III, Esq.<br>**COPELAND, FRANCO, SCREWS & GILL, P.A.**<br>444 South Perry Street<br>Post Office Box 347<br>Montgomery, AL 36101-0347 |

                /s/ Charles D. Stewart
                Of Counsel