# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WAYNE RUSSELL; et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. CV 05–972–D** |
| ) | |
| **TRANSAMERICA OCCIDENTAL** ) | |
| **LIFE INSURANCE COMPANY;** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPLY TO PLAINTIFFS' NOTICE OF RECENT DECISION AND
### SECOND NOTICE OF RECENT DECISION AND ADDITIONAL AUTHORITY

Comes now Transamerica Occidental Life Insurance Company ("Transamerica") and in reply to the plaintiffs' Notice of Decision and Second Notice of Recent Decisions and Additional Authority states as follows:

**The "Recent Decisions' Proffered by Plaintiffs Are Not Binding Authority.**

As an apparent afterthought, plaintiffs' have submitted to this Court four (4) remand orders from various courts, including two from the Honorable Myron Thompson, which plaintiffs now claim are controlling in this case. However, other than the fact that two of the proffered orders remanded those cases based upon the "common defense rule," plaintiff offers the Court no analysis or reasoning as to whether or why those decisions are applicable to this case. Upon closer review, it is

apparent that the proffered orders are not binding on this Court and the reasoning applied in those cases is inapplicable to the issues presented in this case.

The initial "Recent Decision" proffered by plaintiffs is *Poole v. American International Group, Inc.*, CV 05 cv 749 - MHT (M.D. Ala.).[1]  In *Pool*, the plaintiff sued various companies and individuals alleging fraud in connection with several loans.  The defendants removed the case on the grounds that the claims "arose under" bankruptcy proceedings and diversity.

With respect to diversity jurisdiction, defendants argued that the individual resident defendants had been fraudulently joined because the claims against those defendants were barred by the statute of limitations.  In a motion to remand, plaintiffs argued that if the claims against the resident defendants were barred by the statute of limitations then all claims against all defendants were likewise barred and under the

---

[1] Plaintiffs' proffer of decisions in the Second Notice of Recent Decisions as being different or additional to *Poole* is somewhat disingenuous.  The first "additional case" offered by plaintiff, *Bernice Pool-Reese v. American International Group*, 3:05CV750 - MHT (M.D. Ala.), is actually an apparent companion case to *Poole* and is the same decision, the same defendants, a relation of the same plaintiff and was rendered on the same day.  In *Harpool v. Kentucky Finance Co.*, 03 CV-179-R (W.D. Ky) a district court within the Sixth Circuit applied the "common defense" rule.  As in this case, the Sixth Circuit has never adopted the "common defense" rule and other district courts within Kentucky have refused to follow such reasoning.  See, *Collett v. Freid*, 2004 WL 3103776 (E.D. Ky., July 15, 2004).  *Cope v. American International Group*, 3:05CV751-WHA (M. D. Ala.), the Honorable Harold Albritton presiding, did not address the "common defense" rule but, instead, remanded that case based upon the facts specific to those claims.  In fact, Judge Albritton specifically declined to address the "common defense" rule (*Cope*, p. 9 n. 2).  Finally, the plaintiffs proffered *Mayberry v. American International Group*, 3:05CV773 - WHA (M.D. Ala.), which likewise was decided upon the particular facts of that case and not upon the "common defense" rule which, again, Judge Albritton specifically declined to address (*Mayberry*, p. 7 n. 2).

"common defense" rule, the non-diverse defendants were not fraudulently joined. The court noted that the defendants had not argued that there were any claims against the non-diverse defendants that would survive if the claims against the non-diverse defendants were barred by the applicable statute of limitations (*Poole*, pp. 10-11 n.2). This was a critical distinction because the court went on to apply the "'common defense rule' to fraudulent-joinder claims such that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found." (*Poole*, p. 11). The court candidly admitted that the Eleventh Circuit Court of Appeals has never adopted the "common defense" rule. In fact, Judge Thompson pointed out that only two Circuit Courts of Appeal had adopted the "common defense rule" and that he had applied such rule in his court since 1999 (*Poole*, pp. 11-12).

The ruling in *Pool* is, obviously, not binding on this Court in that it is simply an order of remand of another district court judge in a particular case. The Eleventh Circuit Court of Appeals has never adopted the "common defense" rule. In fact, Plaintiffs counsel is acutely aware that this court did not apply the "common defense" rule in *A.W. Herndon Oil Co. v. Transamerica Occidental Life Ins. Co.*, 201 F.Supp.2d 1213, 1215-16 (M.D. Ala. 2002), wherein this Court found fraudulent joinder of the non-diverse insurance agent and also found that the claims against the insurer were likewise barred on the same grounds. The *Herndon* decision involved

3

the same insurer and the same plaintiffs' counsel as in this case and was rendered well after Judge Thompson had first applied the "common defense" rule in his court in 1999. Apparently, plaintiffs hope to avoid the same scrutiny in this case as this Court applied in *Herndon*.

Perhaps the plaintiffs' reluctance to provide this Court with any analysis of the proffered cases is that other district courts in Alabama have expressly rejected application the "common defense" rule. For example, in *Henderson v. Washington Nat. Ins. Co.*, CV 04-B-2433-S (N.D. Ala.)(Ex. A), the court was presented with a similar issue and rejected application of the "common defense" rule on the following grounds:

> The "common defense" theory for remand has not been decided by the Eleventh Circuit. Fortunately, the *Smallwood* [*v. Illinois Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004)] decision is not binding on district courts in this Circuit. This court agrees with the well-reasoned and logical dissent in *Smallwood*. However, as set forth herein, based on the language in the subsequent Fifth Circuit decision in *Rainwater* [*v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir. 2004)], remand would not be appropriate in this case under the "common defense" theory.

*Henderson v. Washington Nat. Ins. Co.*, CV 04-B-2433-S (N.D. Ala.)(March 22, 2005 Memorandum Opinion)(Ex. A, attached)[2].

---

[2] The court in *Henderson* subsequently dismissed all claims against all defendants. The court's decision in *Henderson* is presently pending on appeal before the Eleventh Circuit and the plaintiffs in that case have raised application of the "common defense" rule as an issue on appeal.

The dissent in *Smallwood*, reasoned that the case upon which the majority based its "common defense" ruling, actually stood for the proposition that a court may not prematurely try the factual merits of a case in a fraudulent joinder inquiry. In fact, the dissenting justices concluded that the majority had succumbed to a "strange compulsion to amend the traditional rules of fraudulent joinder based upon a seldom cited 1914 fact specific case." *Smallwood*, 385 F.3d at 577. That "seldom cited case" was *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914).

In *Cockrell*, the United States Supreme Court did not announce a "common defense" rule. Instead, the Court merely held that fraudulent joinder could not be determined based upon a ruling on the merits of the case. In *Cockrell*, the plaintiff sued a railroad and non-diverse train engineer and fireman who operated the train that had caused her husband's death. The plaintiff alleged that the engineer and fireman had been negligent and that the railroad was vicariously liable for its employees' acts. The railroad removed the case on the basis of fraudulent joinder. The plaintiff's motion for remand was denied and the plaintiff's appealed. The dissent in *Smallwood* described the Court's holding in Cockrell as follows:

> In short, the entire suit was solely founded (or "ill-founded") on the conduct of the in-state defendants; no argument could be made, as the Court put it, that the two in-state defendants were joined to a suit in which they did not belong. Indeed, but for their conduct the railroad would not have been in the suit; the in-state defendants could not

possibly have been fraudulently joined because their conduct was the only actionable conduct in the case; there was in essence but one case and it was against the joined defendants themselves.

With respect to the grounds of fraudulent joinder of the two employees, the Railroad's only basis was that the plaintiff's allegations against those two in-state defendants were "false and untrue." To be sure, the Railroad's claim of fraudulent joinder would have required that a trial on the merits be conducted in a removal proceeding.

*Smallwood*, 385 F.3d at 580 (J. Jolly dissenting)(citations omitted).

The dissent in *Smallwood* found the majority's reasoning based upon *Cockrell* to unnecessarily create an exception to the well-established fraudulent joinder rules and upon a misreading of the *Cockrell* decision which "disregards established precedent, designs a troublesome and unnecessary "common defense" rule to amend a long established and fairer rule. ...." *Smallwood*, 385 F.3f at 577 (J. Jolly dissenting).

As the dissent pointed out, the "trouble" with the "common defense" rule is that it circumvents the established, objective test used to determine whether a party was fraudulently joined - whether there is actual fraud in pleading jurisdictional facts or inability of the plaintiff to establish a cause of action against the non-diverse party in the state court. *Id.* at 578 n. 3, citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Instead of focusing only on the joinder of the non-diverse defendant, the addition of a "common defense" rule requires the court to go "one step further

and examine the entirety of the case." *Id*. The result of applying the "common defense" rule is that "even if the diverse defendant completely satisfies our traditional test and demonstrates that the plaintiff has no reasonable possibility of establishing a cause of action against the in-state defendant, the traditional rule is abrogated, and the case remanded, irrespective of the plaintiff's inability to recover in state court, if the diverse and nondiverse defendants happen to possess the same defense." *Id*. at 579.[3]

Likewise, the Eleventh Circuit has a long-established and well reasoned test for determining fraudulent joinder - (a) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; (b) that there has been outright fraud in the plaintiff's pleading of jurisdiction facts; or (c) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (1998). See also, *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553.1561 (11th cir. 1989); *Parks v.*

---

[3] "In sum, the arguments that the majority makes to shore up its misreading of *Cockrell* deflate under any careful examination and make unavoidable the conclusion that the majority has been beguiled by Smallwood's dare to this court to be modern - 1914 style." *Smallwood*, 385 F.3d at 583 (J. Jolly dissenting).

*New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). In fact, this Court applied the same test in *Herndo*n and found that the non-diverse insurance agent had been fraudulently joined and rendered judgment in favor of the insurer based upon the same defense that plaintiff's fraud claims had not survived the deceased. *Herndon*, 201 F.Supp. at 1215.

Plaintiffs' in this case have offered the Court no reasoning in support of ignoring long-held precedent in the Eleventh Circuit by adoption of the "common defense" rule as set forth in *Smallwood*. As the dissent in *Smallwood* demonstrated, the "common defense" rule is insupportable and should not be adopted by this Court. In this case, the rules governing review of claims of fraudulent joinder are well derived and the application of a new exception in the form of the "common defense" rule is unwarranted. Apparently, plaintiffs have conceded that Clement is fraudulently joined and their motion to remand due to be denied absent application of "common defense" rule. Defendant has already addressed the merits of its removal and plaintiffs' tardy invitation for this Court to adopt the "common defense" rule should be denied.

Although the Eleventh Circuit has never adopted the "common defense" rule, the issue is currently pending before the Eleventh Circuit on appeal of the court's decision in *Henderson, supra*. In fact, the Eleventh Circuit has set oral argument in

the *Henderson* case for May 19, 2006 (Ex. B). Any uncertainty regarding the law in the Eleventh Circuit with respect to the application of the "common defense" rule may well be addressed by the Court's ruling in Henderson. Consequently, in order to avoid a manifest injustice to the defendants, in the event this Court is inclined to apply the "common defense" rule, defendants request that the Court withhold such a ruling until such time as the Eleventh Circuit has rendered its decision in *Henderson*.

## CONCLUSION

The various remand orders proffered by Plaintiffs are not binding on this Court. Adoption of the "common defense" rule is unwarranted because the standards already adopted by the Eleventh Circuit for reviewing fraudulent joinder is the law of this circuit and is more than adequate to decide the removal of this case. Moreover, the Eleventh Circuit is currently considering the issue of the "common defense" rule and this Court should avoid application of such a drastic change in the law of the Eleventh Circuit pending a ruling in *Henderson*.

/s/ *Charles D. Stewart*
Charles D. Stewart (ASB 0303–S77E)
Steve R. Burford (ASB 6886–B40S)
Attorneys for Transamerica Occidental
Life Insurance Company
**SPAIN & GILLON, L.L.C.**
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:   (205) 328–4100
Fax:  (205) 324–8866
email:  cds@spain–gillon.com
           srb@spain–gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **March 13, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Joseph H. Aughtman**
    jay.aughtman@beasleyallen.com nancy.mcdill@beasleyallen.com

**Jere L. Beasley**
    libby.rayborn@beasleyallen.com jere.beasley@beasleyallen.com

**Steve R. Burford**
    srb@spain-gillon.com bjd@spain-gillon.com

**Wilson Daniel Miles, III**
    dee.miles@beasleyallen.com autumn.lindsey@beasleyallen.com

**Charles D. Stewart**
    cds@spain-gillon.com jam@spain-gillon.com,KCG@spain-gillon.com

**George Walton Walker, III**
    walker@copelandfranco.com michaud@copelandfranco.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non–CM/ECF participants:

[No manual recipients]

        Respectfully submitted,

        /s/ *Charles D. Stewart*
        Charles D. Stewart (ASB 0303–S77E)
        Steve R. Burford (ASB 6886–B40S)
        **SPAIN & GILLON, L.L.C.**
        The Zinszer Building
        2117 Second Avenue North
        Birmingham, Alabama 35203
        Ph:   (205) 328–4100
        Fax:  (205) 324–8866