FILED
2005 Mar-23 AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE D. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 04-B-2433-S |
| ) | |
| WASHINGTON NATIONAL ) | |
| INSURANCE CO.; CONSECO ) | |
| SERVICES, L.L.C.; THOMAS B. ) | |
| HANEY; TRUSTMARK NATIONAL ) | |
| BANK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 7.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion for Remand, (doc. 7), is due to be denied.

Federal courts are courts of limited jurisdiction. Therefore, this court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not ***absolutely*** clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of plaintiff, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Plaintiff and defendant Thomas B. Haney are residents of Alabama; therefore, complete diversity among the parties, as required for diversity jurisdiction, does not exist. However, defendants contend that plaintiff fraudulently joined Haney. (Doc. 1 at 11.) "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If plaintiff fraudulently joined Haney, the court has subject-matter jurisdiction over this action. If plaintiff did not fraudulently join Haney, the court is without subject-matter jurisdiction, and this matter must be remanded to the Circuit Court of Jefferson County, Alabama. The burden is on defendants, as the parties alleging fraudulent

2

joinder, to prove their allegations "by clear and convincing evidence." *Jerrell v. Kardoes Rubber Co., Inc.*, 348 F. Supp. 2d 1278, 1283 (M.D. Ala. 2004)(citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied* 376 U.S. 949 (1964)).[1]

Joinder is "fraudulent" if "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The *Triggs* Court held:

> "If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

*Id.* (quoting *Coker*, 709 F.2d at 1440-41)(emphasis added). "[I]n testing fraudulent joinder it is enough to show a good faith expectation, not a legal certainty, that the attacked claim is good under state law." *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 174 (11th Cir. 1968). Thus, in order for this court to find that plaintiff's joinder of Haney was fraudulent, this court must find that the Alabama court would find that the Complaint fails to state a valid claim against Haney.

In her Complaint, plaintiff alleges:

---

[1] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

3

8. On or about August 1, 1995, Plaintiff made application for and purchased a "group" health insurance policy from Defendants.

9. As part of the sales presentation made to Plaintiff, Defendants represented to Plaintiff that the insurance being sold to Plaintiff was a "group" policy and that the premiums charged to Plaintiff were the same as those charged to the "group." However, the Defendants suppressed or concealed from Plaintiff the material facts that in the event any of the insureds under Plaintiff's policy suffered significant illness or injury, Plaintiff would be placed in a tier or category with other policyholders who suffered significant illness or injury, and Plaintiff's premiums would be increased to exorbitant amounts that would make the policy unaffordable to Plaintiff. The Defendants also suppressed or concealed the material fact that they charged entry level policyholders and policyholders with small or no claims a lower premium for the same coverage. The Defendants further suppressed or concealed the material fact that premiums would or may be increased based upon factors other than bona fide group claims experience. In addition, the Defendants further suppressed or concealed the material facts that Defendants decided to cease marketing or selling this "group" health insurance policy, thereby adversely affecting the makeup of the group and causing it to begin a "downward spiral," which in turn caused the Defendants to increase Plaintiff's premiums to exorbitant and unreasonable amounts.

10. Plaintiff was sold this "group" health insurance by Defendants, namely Group Major Medical Expense Coverage, and obtained coverage effective as of September 1995, with an agreed upon premium for the policy of $890.04 every three (3) months for such coverage and a $500.00 deductible.

11. In or around July, 1996, Plaintiff's premium for the policy was going to be increased to $1,052.22 every three (3) months. In an effort to keep her premium affordable, Plaintiff increased her deductible to $1,500.00, and her premium changed to $773.76 every three (3) months.

12. In or around August, 1997, Defendants increased the premium for Plaintiff's policy to $1,428.60 every three (3) months.

13. In or around August, 1998, Plaintiff's premium for the policy was going to be increased to $1,762.14 every three (3) months. In an effort to keep her policy in force, Plaintiff increased her deductible to $2,500.00, and the premiums for Plaintiff's policy changed to $1,578.54 every three (3) months.

4

14. Plaintiff made her last premium payment of approximately $1,865.00 in 1999 and then was forced to drop her coverage.

15. Defendants fraudulently induced Plaintiff to purchase said "group" health insurance policy, to pay said premiums, and to continue to pay said premiums by representing that the premiums charged were "group" premiums.

16. Defendants fraudulently suppressed and concealed the actual basis for their premium increases, which was, among other things, to impose such a financial burden and strain upon Plaintiff as to force her to cancel said policies.

. . .

19. The fraud and other wrongs perpetrated upon Plaintiff were of a continuing nature. Plaintiff did not discover Defendants' fraudulent conduct until May of 2003. It was not until May of 2003 that Plaintiff learned that the Defendants were calculating their enormous premium increases based upon factors other than bona fide group claims experience.

20. The Defendants marketed, sold and serviced the "group" policy purchased by Plaintiff so as to actively conceal or suppress the true nature of the policy and how premium increases were calculated. At no time prior to May of 2003 was Plaintiff ever informed by Defendants that the premium increases were based upon factors other than the group claims experience, nor was there anything in the insurance policies, premium increase letters, or the other documents provided to Plaintiff by Defendants that indicated this. At no time prior to May, 2003 was Plaintiff ever informed by Defendants that they had made the decision to cease marketing and selling this "group" health insurance policy, which in turn adversely affected the makeup of Plaintiff's group and caused it to begin a "downward spiral," and further caused Plaintiff's premiums to be increased by exorbitant and unreasonable amounts, nor was there anything in the insurance policies, premium increase letters, or the other documents provided to Plaintiff by Defendants that indicated this. And, at no time prior to May, 2003, Plaintiff had no reason to suspect that the premium increases were based upon factors other than the group claims experience, nor was there anything in the insurance policies, premium increase letters, or the other documents provided to Plaintiff by Defendants that indicated this. In fact, the documents provided to Plaintiff by Defendants indicated that the premium increases were based upon the "group" loss history,

5

especially given the fact that the policy was marketed to Plaintiff as a "group" policy.

(Doc. 1, Ex. A (Complaint) ¶¶ 8-16, 19-20.)

Defendants contend that plaintiffs fraudulently joined Haney because the claims asserted against him are time-barred. "If the only claims against a resident defendant are barred by the statute of limitations, then there is no possibility the plaintiff can establish a cause of action against the resident defendant. In such a situation, the resident defendant is deemed to be fraudulently joined." *Bullock v. United Benefit Insurance Co.*, 165 F. Supp. 2d 1255, 1258 (M.D. Ala. 2001)(internal quotations and citations omitted).

"The limitations period applicable to each of the claims asserted against [Haney] is two years, and begins to run on the date plaintiff discovered, or should have discovered, the fraud and the misrepresentation. . . . Generally, determining the date plaintiff discovered a fraud is a question of fact for the jury. *Fowler v. Provident Life and Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1248 (N.D. Ala. 2003)(internal citations and quotations omitted). However, pursuant to Alabama law, "When . . . the plaintiff's complaint on its fact is barred by the statute of limitations, the complaint must also show that [plaintiff] falls within the savings clause of § 6-2-3. *Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981). A Complaint may be dismissed as barred by the statute of limitations if the Complaint "fails to allege any facts or circumstances by which [defendants] concealed the cause of action or injury, and fails to allege what prevented [plaintiff] from discovering the

6

facts surrounding the fraud." *Smith v. National Security Insurance Co.*, 860 So. 2d 343, 347 (Ala. 2003)(quotations and citations omitted).

Plaintiff's Complaint alleges that, in August 1995, Haney sold plaintiff the health insurance policy at issue in this case, and that, during the sales presentation, he "represented to Plaintiff that the insurance being sold to Plaintiff was a 'group' policy and that the premiums charged to Plaintiff were the same as those charged to the 'group.'" (Doc. 1, Ex. A (Complaint) ¶¶ 4, 8-9.) The Complaint contains no other specific allegation of any representation or concealment by Haney after the sale of the policy; however, plaintiff contends, generally, (1) "Defendants fraudulently induced Plaintiff to purchase said 'group' health insurance policy, to pay said premiums, and to continue to pay said premiums by representing that the premiums charged were 'group' premiums," (*id.* ¶ 15); and (2) "Defendants fraudulently suppressed and concealed the actual basis for their premium increases, which was, among other things, to impose such a financial burden and strain upon Plaintiff as to force her to cancel said policies," (*id.* ¶ 16). The Complaint alleges that plaintiff continued to pay the premium until 1999, when she "was forced to drop her coverage." (*Id.* ¶ 14.)

This case was filed on June 28, 2004, which is more than two years after plaintiff stopped paying the insurance premium. Because plaintiff alleges that fraudulent conduct and her reliance upon such conduct occurred more than two years before the filing of this lawsuit, plaintiff must allege "facts or circumstances by which the [defendants] concealed the cause of action or injury," and "allege what prevented [plaintiff] from discovering facts

7

surrounding the injury" in order to state a claim against Haney under Alabama law. *National Security*, 860 So. 2d at 346 (quoting *Miller*, 409 So. 2d at 422.) Plaintiff's Complaint contains only general allegations that defendants "actively conceal[ed] or suppress[ed] the true nature of the policy and how premium increases were calculated." (Doc. 1, Ex. A (Complaint) ¶ 20.) These general allegations are insufficient under Alabama law to show that plaintiff's claims against Haney fall within the savings clause of § 6-2-3." *See Security*, 860 So. 2d at 346.

Based on the foregoing, the court finds that, pursuant to Alabama law, plaintiff's Complaint fails to state a claim against Haney; therefore, the court finds that Haney is fraudulently joined.[2]

## B. COMMON DEFENSE

Plaintiff contends, "[E]ven if [the statute of limitations] defendant were viable . . . it applies equally to Haney and the other Defendants." (Doc. 9 at 3.) "Therefore, in accordance with *Chesapeake*,[3] *Boyer*,[4] and *Smallwood*,[5] even if that defense could be applied to bar Plaintiff's claims against the nonresident defendant as a matter of law . . . . Defendants

---

[2]The court is aware of the contrary holdings in *Pope v. Washington National Ins. Co.*, CV 04-BE-2372-E (N.D. Ala. Feb. 28, 2005) and *Shields v. Washington National Ins. Co.*, CV 1:04cv765-A (M.D. Ala. Oct. 27, 2004). However, the court notes that neither of these Memoranda Opinions discusses the *National Security* decision of the Supreme Court of Alabama.

[3]*Chesapeake & Ohio Railway Co.. v. Cockrell*, 232 U.S. 146 (1914).

[4]*Boyer v. Snap-On Tools*, 913 F.2d 108 (3d Cir. 1990)

[5]*Smallwood v. Ill. Central Railroad*, 385 F.3d 568 (5th Cir. 2004)

8

nevertheless could not simply rely on that finding to satisfy their heavy burden to prove fraudulent joinder." (Pl. Reply in Supp. of Mot. to Remand at 5-6.)

The Fifth Circuit, relying on the Supreme Court decision in *Cockrell*, held:

> The Supreme Court has made clear that the burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction. *A showing that the plaintiff's case is barred as to all defendants is not sufficient.* When the *only* proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is *equally* dispositive of *all defendants* rather than to the in-state defendant alone, the requisite showing has not been made.

*Smallwood*, 385 F.3d at 575 (emphasis added);[6] *see also Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004).

Plaintiff's complaint alleges a cause of action for breach of contract against all defendants, *except* Haney.[7] The statute of limitations for a breach of contract claim is six

---

[6]The "common defense" theory for remand has not been decided by the Eleventh Circuit. Fortunately, the *Smallwood* decision is not binding on district courts in this Circuit. This court agrees with the well-reasoned and logical dissent in *Smallwood*. However, as set forth herein, based on the language in the subsequent Fifth Circuit decision in *Rainwater*, remand would not be appropriate in this case under the "common defense" theory.

[7]Plaintiff's Complaint states:

44. Defendants Washington National, Conseco, [and] Trustmark . . . entered into a contract to provide "group" health insurance to Plaintiff in return for premiums quoted, and fairly and accurately computed, in accordance with the statements and representations made to Plaintiff by Defendants with respect to said "group" policy.

45. The premiums actually charged to Plaintiff by these Defendants were substantially more than the amount of premiums due had those premiums been properly computed.

9

years. Ala. Code § 6-2-34(9). Therefore, a finding that plaintiff's tort claims against Haney are barred by the statute of limitations is not *equally dispositive* of the breach of contract claim against the other, non-resident defendants. *See Rainwater*, 391 F.3d at 638-39 (5th Cir. 2004)("If [the] court should determine that the limitations defense in question is dispositive of *all* claims against *all* defendants, then [the common defense theory] would require remand to state court (where, presumably, the entire case would be dismissed). If, however, the district court should determine that the time bar defense is not dispositive of every claim against every defendant, it should continue to deny remand and proceed with the proper disposition of the case.")(emphasis in original).

The court's finding – that the tort claims against Haney are due to be dismissed because plaintiff has not alleged sufficient facts to show such claims are timely – does not dispose of all claims against the other defendants. Therefore, plaintiff's motion to remand based upon the common-defense theory is due to be denied.

## C. AMOUNT IN CONTROVERSY

Plaintiff contends that this case is due to be remanded because "Defendants fail[ed] to meet their burden of proof to show that the requisite amount in controversy is met in this case." (Doc. 9 at 16.) When plaintiff elects not to state an specific amount in controversy, as in this case, defendant must demonstrate by a preponderance of the evidence that the

---

46. Defendants Washington National, Conseco, [and] Trademark . . . breached their contract with Plaintiff.

(Doc. 1, Ex. A (Complaint) ¶¶ 44-46.)

10

actual amount in controversy exceeds $75,000.00. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).

Plaintiff's complaint alleges five causes of action against defendants: (1) fraud, (2) fraudulent concealment, (3) conspiracy, (4) breach of fiduciary duty, and (5) breach of contract. Upon careful review of the cases cited by defendants in the Notice of Removal and their opposition to plaintiff's Motion to Remand, the court finds plaintiff's recovery against defendants would more likely than not exceed $75,000 if she were to recover against defendants. *See Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197, 1199-1200 (M.D. Ala. 1999); *see also* Def. Washington National Ins. Co.'s Resp. to Pl.'s Mot. to Remand, at 11 n.28 and cases cited therein.

Therefore, the court finds that plaintiff's Complaint against defendants satisfies the jurisdictional amount in controversy.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff's Motion to Remand is due to be denied. An order denying plaintiff's Motion to Remand and dismissing defendant Thomas B. Haney will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 22nd day of March, 2005.

_____
_____ SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE