IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| EUNICE McKINNES and, ROBERT McKINNES ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION NO. |
| v. ) ) | 2:06cv41-MHT (WO) |
| AMERICAN INTERNATIONAL GROUP, INC., et al., ) ) ) | |
| Defendants. ) | |

ORDER

Plaintiffs Eunice and Robert McKinnes initially filed this lawsuit in state court charging defendants with state-law claims for fraud, misrepresentations, concealment, negligent and wanton hiring, training, and supervision, and breach of fiduciary duty, all in connection with several loans they took out. The McKinneses have named several 'corporate defendants': American International Group, Inc., American General Corporation, American General Finance Inc., American General Financial Services of Alabama, Inc., American



General Finance Corporation, Merit Life Insurance Company, and Yosemite Life Insurance Company; they have also named 'individual defendants' Lisa Wood and Connie Farmer.

Pursuant to 28 U.S.C. § 1441, the corporate defendants removed this lawsuit from state to federal court, asserting two jurisdictional grounds: diversity-of-citizenship, 28 U.S.C. § 1332, and federal question, 28 U.S.C. § 1331.

This matter is now before the court on the McKinneses' motion to remand and the corporate defendants' motion for extension of time to conduct remand-related discovery. The McKinneses' motion will be granted and the corporate defendants' motion denied.

I. REMAND STANDARD

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A federal court may hear a case only if it is authorized to do so by federal law. Kokkonen, 511

U.S. at 377. The party seeking removal has the burden of establishing it. Burns, 31 F.3d at 1095. The removal statute must be strictly construed because it raises significant federalism concerns. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). All doubts about federal-court jurisdiction should be resolved in favor of a remand to state court. Burns, 31 F.3d at 1095.

## II. BACKGROUND

In their state-court complaint, the McKinneses alleged the following: On or about November 23, 1994, and July 25, 2002, and on other occasions, they entered into several loans with the corporate defendants. As inducements to take out the loans, the individual defendants told the McKinneses that refinancing and consolidating their existing debt into a single loan with the corporate defendants would save them money. The individual defendants also advised them to obtain credit insurance; they explained that the insurance was a good deal because it offered great value and protection, it would improve

3

their credit score and rating, and it would increase their chances of loan approval. According to the state-court complaint, the individual defendants, as well as the corporate defendants, knew that the representations were false. The McKinneses, however, did not discover the falseness of the representations until within two years of filing their lawsuit.

### III. JURISDICTION

#### a. Diversity Jurisdiction

The court agrees with the McKinneses that there is no diversity-of-citizenship jurisdiction here to support removal.

A federal court may assert jurisdiction where the amount in controversy exceeds $ 75,000, exclusive of costs and interests, and the parties are citizens of different States. 28 U.S.C. § 1332(a). When an action is filed in state court, but the amount in controversy is sufficient and there is complete diversity, federal law gives the defendant the right to remove the action to federal court.

4

<u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998).

Complete diversity is lacking where any party on one side of the suit is from the same state as any party on the other side. <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806). Because the McKinneses (as plaintiffs) and Wood and Farmer (as defendants) are all citizens of Alabama, complete diversity of citizenship does not exist--unless Wood and Farmer are improper defendants.

The corporate defendants contend that Wood and Farmer were fraudulently joined to defeat diversity jurisdiction. If Wood and Farmer were fraudulently joined, their citizenship is not considered for the purpose of determining diversity jurisdiction. A removing party who alleges fraudulent joinder "has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into

5

state court." Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (citations omitted).

Here, the corporate defendants argue only the first type of fraudulent joinder. They assert that there is no possibility that the McKinneses can establish a cause of action against the non-diverse defendants because: (1) the claims are time-barred; (2) the claims are barred by the doctrine of laches; (3) the claims fail as a matter of law; and (4) the non-diverse defendants were not properly served.

The burden of establishing fraudulent joinder "is a heavy one"; if the plaintiffs state "even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheo de Perez, 139 F.3d at 1380. A district court must "evaluate factual allegations in the light most favorable to the plaintiff[s] and resolve any uncertainties about the applicable law in the plaintiff[s'] favor." Id. The corporate defendants have not met this heavy burden.

This court has previously remanded three nearly identical cases, <u>James Poole v. American International Group, Inc., et al.</u>, ___ F.Supp.2d ___, 2006 WL 335899 (M.D. Ala. February 14, 2006), <u>Tony and Dorothy Turner v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15, 2006), and <u>Bernice Poole-Reese v. American International Group</u>, Inc., et al., Civil Action No. 3:05cv750-MHT (M.D. Ala. February 14, 2006) based on the "common-defense rule". As the court explained in those prior cases, while the Eleventh Circuit has not reached this issue, other circuits, relying on <u>Chesapeake & O.R. Co. v. Cockrell</u>, 232 U.S. 146 (1914), have applied a "common-defense rule" to fraudulent-joinder claims such that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found. <u>See e.g.</u>, <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108 (3rd Cir. 1990), <u>cert. denied</u>, 498 U.S. 1085 (1991); <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568 (5th Cir. 2004) (en banc), <u>cert. denied</u>, 125 U.S. 1825 (2005). <u>See also</u> <u>In re New England Mut. Life Ins. Co. Sales</u>

7

Practices Litig., 324 F.Supp.2d 288 (D. Mass. 2004) (Keeton, J.)

This court further noted that common defenses are actually attacks on the merits of the entire case since they undermine the claims against the diverse and non-diverse defendants alike. Put another way, because the common defenses are not unique to the non-diverse defendants, they indicate nothing in particular about the specific reason the non-diverse individuals were joined. Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150, 1155 (M.D. Ala. 1999) (Thompson, J.). Thus where "the improper joinder allegation[] directed at the [non-diverse] employees 'manifestly [goes] to the merits of the action as an entirety, and not to the joinder,'" there is no fraudulent joinder, Smallwood, 385 F.3d at 575 (quoting Chesapeake, 232 U.S. at 153; rather, "'it indicate[s] that the plaintiff's case [is] ill founded as to all the defendants.'" Id. A court should avoid the "risk of moving ... beyond jurisdiction and into a resolution of the merits." Id. at 574.

This court found the common-defense rule applicable in those nearly identical cases because the corporate defendants did not deny that the potential barriers to recovery against the non-diverse individual defendants also compelled a lack of recovery against the diverse corporate defendants themselves. Both there and here, the only claim against the corporate defendants was for negligent and wanton hiring, training and supervision, which requires the finding of underlying tortious conduct by an employee before the employer can be held liable. See Stevenson v. Precision Standard, Inc., 762 So.2d 820, 824 (Ala. 1999) (citing Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993)); Nash v. Segars, 682 So. 2d 1364 (Ala. Civ. App. 1996). Accordingly, the arguments in the prior cases for barring state-tort liability against the non-diverse individual defendants appeared to apply equally to preventing liability for the diverse corporate defendants.

Here, the corporate defendants expressly denounce the applicability of the common-defense rule. They assert that "the claim for negligent and/or wanton hiring, training and

9

supervision[] is analytically distinct from and in addition to the claims against the individual Non-Diverse defendants in that such claims can <u>only</u> be asserted against the corporate non-resident Defendants."[1] (Emphasis in original). The corporate defendants rely on <u>Boone v. Citigroup, Inc.</u>, 416 F.3d 382, 391-2 (5th Cir. 2005), where the court did not apply the common-defense rule because the plaintiffs conceded "that at least some of their claims against the non-resident defendants are analytically distinct from and in addition to their <u>respondeat superior</u> claims against those defendants based on the wrongs allegedly committed by the resident defendants." Therefore the <u>Boone</u> court reasoned that the plaintiffs also conceded "that the failure of their claims against the resident defendants does not in and of itself cause those of the claims against the non-resident defendants which are <u>not</u> based on <u>respondeat superior</u> liability for the wrongs committed by the resident defendants to fail as well." <u>Id</u>.

---

1. Defendants' Opposition to Plaintiffs' Motion to Remand (Doc. No. 20) p. 23.

However, the applicability of Boone here is dubious because, as the court has noted, pertinent caselaw supports the conclusion that a company cannot be independently guilty of negligent or wanton hiring, training, or supervising in the absence of some tort committed by its employee against the plaintiffs. See, e.g., Univ. Fed. Credit Union v. Grayson, 878 So. 2d 280 (Ala. 2003); Voyager Ins. Cos. v. Whitson, 867 So. 2d 1065 (Ala. 2003); Taylor v. Stevenson, 820 So. 2d 810 (Ala. 2001).

Therefore, there is at the very least some uncertainty about the merit in the corporate defendants' argument that the failure of the claims against the individual-resident defendants does not in and of itself cause the sole claim against them to fail as well. Mindful of its duty to resolve not only factual but legal uncertainties in favor of remand, Pacheo de Perez, 139 F.3d at 1380, the court finds that the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common-defense rule.

11

Alternatively, for the reasons given by Chief Judge Fuller and Judge Albritton in their <u>American International Group</u> cases, <u>Smith v. American Intern. Group, Inc.</u>, 2006 WL 319180 (M.D. Ala.,Feb. 10, 2006) (Fuller, C.J.); <u>Cope v. American Intern. Group, Inc.</u>, 2006 WL 317238 (M.D. Ala., Feb 9, 2006) (Albritton, J.), this court finds that the corporate defendants have failed to establish that "there is no possibility the plaintiff[s] can establish a cause of action against the resident defendant[s]." <u>Pacheo de Perez</u>, 139 F.3d at 1380.

### b. Federal Question

The court also agrees with the McKinneses that there is no federal-question jurisdiction here to support removal. Federal-question jurisdiction exists where the plaintiffs' suit "arises under" the "Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. In general, a case "arises under" federal law if the plaintiffs plead a cause of action created by federal law or if a substantial disputed area of federal law is a

12

necessary element of a state-law claim. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10, 13 (1983). The "mere presence" of a federal issue "does not automatically confer federal question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Nor are federal issues "a passcode opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg., ___ U.S. ___, 125 S. Ct. 2362, 2368 (2005). Rather, the dispositive question for federal-question jurisdiction based on an embedded federal issue is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.

The corporate defendants argue that the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq.; Regulation Z, promulgated thereunder; 12 C.F.R. § 226.1, et seq.; and 12 C.F.R. § 590.101 are "sure to be disputed" in this

13

case.[2] They assert that their compliance with TILA and Regulation Z's disclosure requirements is likely to arise throughout the litigation, especially with regard to the negligence claims. The McKinneses respond that they have expressly repudiated any federal claims, relying instead exclusively on state-laws claims that do not require proof of violation or an interpretation of federal law.

The corporate defendants' contention that TILA and Regulation Z are "surely" or "likely" to be disputed in this litigation is insufficient to present a federal question under the standard in Grable. As previously stated, Grable requires that the state-law claims necessarily raise actually disputed and substantial federal issues. Not only have the corporate defendants not asserted that TILA and Regulation Z are actually in dispute in any way in the case at hand, they also have not directed the court to other caselaw finding federal-question jurisdiction based on TILA when state-law claims not invoking them have been asserted.

---

2.  Id. at p. 30.

14

In contrast, the McKinneses point to and the court discovered cases where courts have declined to find federal-question jurisdiction based on TILA. See e.g., Smith v. American Intern. Group, Inc., 2006 WL 319180, (M.D. Ala. Feb 10, 2006) (Fuller, C.J.) (declining to find federal-question jurisdiction in nearly identical situation); Anderson v. Household Fin. Corp. of Alabama, 900 F. Supp 386, 389(M.D. Ala. 1995) (Dement, J.) (remanding case because the causes of action were supported by state-law claims and the TILA was not essential to any of those theories); Easterling v. Gulf Guar Ins. Co., 60 F. Supp. 2d 586, 588 (S.D. Miss. 1999) (Pickering, J.) (remanding case where "the Plaintiff ha[d] stated viable state law causes of action and if TILA ha[d] been invoked, it [wa]s only in an insubstantial way.")

Because there are factual and legal uncertainties, the court will resolve them in favor of remand. Pacheo de Perez, 139 F.3d at 1380.

## IV. DISCOVERY

15

The corporate defendants seek an extension of time to conduct remand-related discovery. Because this discovery would essentially go the merits of the entire case rather than to fraudulent joinder, it is, for the reasons given above, inappropriate.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Defendants American General Finance Inc., American General Financial Services of Alabama, Inc., Merit Life Insurance Company, and Yosemite Life Insurance Company's motion for extension of time to conduct remand-related discovery (Doc. No. 16) is denied.

(2) Plaintiffs Eunice and Robert McKinnes's motion to remand (Doc. No. 10) is granted and, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

(3 Plaintiffs Eunice and Robert McKinnes's motion to stay (Doc. No. 12) is denied.

16

All other motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 13th day of March, 2006.

                     /s/ Myron H. Thompson
                   UNITED STATES DISTRICT JUDGE