IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE RUSSELL, et al.,            ) | |
| ) | |
|    Plaintiffs,            ) | |
| ) | |
| v.            ) | Civil Action No. 2:05cv972-ID |
| ) | (WO) |
| TRANSAMERICA OCCIDENTAL LIFE    ) | |
| INS. CO., et al.,            ) | |
| ) | |
|    Defendants.            ) | |

**ORDER**

Before the court is Plaintiffs' motion to remand in which Plaintiffs assert that subject matter jurisdiction is lacking. (Doc. No. 6.) Plaintiffs' motion is accompanied by a brief. (Doc. No. 7.) Defendant Transamerica Occidental Life Insurance Co. ("Transamerica"), as the removing Defendant, filed an opposition to Plaintiffs' motion to remand. (Doc. No. 9.) Additional pleadings, primarily consisting of supplemental authority and discussion thereon, also have been filed by the parties and considered by the court. (Doc. Nos. 10-16.) Construing the facts in the light most favorable to Plaintiffs and having carefully considered the arguments of counsel, the submissions of the parties, and the relevant law, the court finds that Plaintiffs' motion to remand is due to be granted and that this cause is due to be remanded to the Circuit Court of Montgomery County, Alabama.

Transamerica, as the party removing this action to federal court, has the burden of establishing federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.

1996). Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979). In determining the propriety of removal, the court evaluates the factual allegations and controlling law in the light most favorable to the plaintiff. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Transamerica timely removed this case from state court to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1441(b). Transamerica asserts that the court exercises subject matter jurisdiction over this case through diversity of citizenship and the requisite amount in controversy, pursuant to 28 U.S.C. § 1332(a). Transamerica contends that complete diversity exists because the only non-diverse Defendant, August Kirby Clements III ("Clements"), was fraudulently joined to defeat federal jurisdiction.[1] Urging the court to remand this case to state court, Plaintiffs do not quarrel with the amount-in-controversy requirement, but rather contend that complete diversity does not exist because the Complaint states a claim against Clements sufficient to withstand the fraudulent joinder standard. (Doc. No. 7 at 5.)

A defendant has the statutory right to remove an action from state to federal court where complete diversity exists between the parties and the amount in controversy is

---

[1] As pointed out by Plaintiffs, Clements did not join in the notice of removal. (See Doc. No. 7 at 3.) The court notes, however, that Clements' joinder is not required. See Clay v. Brown & Williamson Tobacco Corp., 77 F. Supp.2d 1220, 1222 n.3 (M.D. Ala. 1999) (consent of alleged fraudulently joined defendant not required).

sufficient.  See 28 U.S.C. §§ 1332(a), 1441.  When, however, a plaintiff joins a non-diverse defendant who has "no real connection with the controversy," Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921), solely for the purpose of defeating diversity jurisdiction, "[t]he plaintiff is said to have effectuated a 'fraudulent joinder.'" Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).  Here, Transamerica seeks to prove that the joinder of Clements is fraudulent on the ground that "there is no possibility" that Plaintiffs "can prove a cause of action" against him.  Id.  Transamerica is required to make this "showing by clear and convincing evidence."  Id.

The causes of action against Clements are for fraud regarding the sale of a "vanishing premium" life insurance policy.  Clements is the Transamerica agent who sold the policy to the insured Plaintiff.

The court carefully has considered all of Transamerica's arguments, but concludes that none of them demonstrate the fraudulent joinder of Clements.  Of the arguments advanced by Transamerica, only one warrants discussion:  whether Transamerica has met its burden of demonstrating that Plaintiffs have no possibility of recovery against Clements on the ground that Plaintiffs' fraud claims against him are not ripe for adjudication under the holdings in Williamson v. Indianapolis Life Ins. Co., 741 So.2d 1057 (Ala. 1999), and Stringfellow v. State Farm Life Insurance Co., 743 So.2d 439 (Ala. 1999).  Having examined Williamson and Stringfellow, the court finds that the facts here are distinguishable in a critical respect so that court cannot conclude conclusively that Williamson and Stringfellow are controlling.

In both <u>Williamson</u> and <u>Stringfellow</u>, the insured alleged that the insurance company had misrepresented the date when the vanishing premium policies would become self-sustaining, and in this limited respect, <u>Williamson</u> and <u>Stringfellow</u> parallel the facts of this case. Unlike here, however, the insureds sued the insurers prior to the date when the policies allegedly were to become self-sustaining. Because the vanish dates had not yet arrived, the insureds could "only speculate" that the policies would not sustain themselves as allegedly promised. <u>Williamson</u>, 741 So.2d at 1061; <u>Stringfellow</u>, 743 So.2d at 441. Each court, therefore, concluded that the claim before it was "not ripe for adjudication" because the insured had not suffered a "discernible injury." <u>Williamson</u>, 741 So.2d at 1061; <u>Stringfellow</u>, 743 So.2d at 441.

Here, Plaintiffs allege that the insured Plaintiff received a premium notice beyond the year when the payments were supposed to vanish and that Transamerica accepted payment of the premium. Although Transamerica argues that the premium was not "required" within the meaning of <u>Williamson</u> and <u>Stringfellow</u> in that it says the policy would have remained "in full force and effect" without the payment of the premium (Doc. No. 9 at 7, 11), Transamerica has not disputed that it sent the insured Plaintiff a premium notice after the passage of the vanish date and that, thereafter, it accepted the premium upon payment by the insured. In light of these distinguishing facts, Transamerica has failed to convince the court that the holdings of <u>Stringfellow</u> and <u>Williamson</u> squarely resolve the issue of whether a premium is "required" when an insurance company has requested and accepted a premium. At best, the court finds that the facts here raise

4

uncertainties about how the Alabama state courts would apply <u>Williamson</u> and <u>Stringfellow</u> where an insurance company sends a premium notice to the insured after the vanish date and, thereafter, accepts the premium payment. This court recognizes that the state court may find that Transamerica's position finds support in the holdings of <u>Williamson</u> and <u>Stringfellow</u> on the issue of ripeness, but in light of these legal authorities, the court is not persuaded that there is no possibility that the state court would find that the fraud claims are not ripe for adjudication.[2] Accordingly, having examined the allegations in the Complaint, as well as the evidence submitted by the parties,[3] in light of the prevailing Alabama law, the court concludes that Transamerica has not met its "heavy" burden of proving that the joinder of Clements is fraudulent on ripeness grounds. <u>Crowe</u>, 113 F.3d at 1538.

In conclusion, as stated, the court carefully has studied all of Transamerica's arguments. Construing all factual and legal inferences therefrom in favor of Plaintiffs in light of the fraudulent joinder standard, <u>see</u> <u>Cabalceta</u>, 883 F.2d at 1561, and remaining mindful that a federal court should refrain from assuming jurisdiction where there is

---

[2] The court notes that whether Transamerica ultimately will prevail on its ripeness defense is not at issue, and the court does not attempt to predict or speculate on Plaintiffs' ultimate prospects of success. To do so would overstep the court's boundaries in ruling on a motion to remand. The court is limited to ascertaining whether there is a possibility that in state court Plaintiffs can overcome the ripeness argument. <u>Cf.</u> <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1542 (11th Cir. 1997) (to demonstrate an arguable claim, there only must exist "'a reasonable basis for predicting that the state law *might* impose liability on the facts involved'") (citations omitted and emphasis in original).

[3] <u>Legg v. Wyeth</u>, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

doubt as to its jurisdiction, see Retirement Systems of Alabama v. Merrill Lynch & Co., 209 F. Supp.2d 1257, 1269 (M.D. Ala. 2002), the court finds that there is no fraudulent joinder. Because Clements, a non-diverse defendant, was not fraudulently joined, his citizenship cannot be disregarded. Consequently, complete diversity is lacking as required pursuant to 28 U.S.C. § 1332(a), and this case is due to be remanded to state court from whence it was removed.

Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' motion to remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c). The clerk is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 31st day of August, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE